# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOHN MILLER,**

        **Plaintiff,**

  v.                                           Case No. 05C0828

**DAVID ASBACH,**
**LOUIS ARTHUR JONES, Dead Trustee,**
**SUSAN KNEPEL, JUDGE JAMES E SHAPIRO,**
**JUDGE PATRICIA J. GORENCE,**
**CHRISTOPHER L AUSTIN, Clerk**
**of US Bankruptcy Court,**

        **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiff John Miller brought this action against a number of federal officials in Milwaukee County Circuit Court and the federal officials timely and properly removed the case. The defendants include David Asbach, Assistant United States Trustee; Susan Knepel, Assistant United States Attorney for the Eastern District of Wisconsin; Bankruptcy Judge James Shapiro; Magistrate Judge Patricia Gorence; and Christopher Austin; Clerk of U.S. Bankruptcy Court.[1] Defendants now move for summary judgment. I may grant their motion if there are no genuine issues of material fact and they are entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In considering the motion I take the facts and all reasonable inferences from them in the light most favorable to the plaintiff. Id. at 255.

---

[1] Miller also names as a defendant deceased bankruptcy trustee Louis Arthur Jones.

Plaintiff's complaint is very confusing, However, it appears that his claims arise out of the defendants' handling of his bankruptcy case. Judge Shapiro ultimately dismissed the case because plaintiff failed to attend a meeting of creditors and failed to fund a reorganization plan. Plaintiff asked Judge Shapiro to reconsider his decision, and after holding a hearing, Judge Shapiro declined to do so. Plaintiff alleges that the defendants, all of whom played some role in connection with the processing of his bankruptcy case, engaged in some sort of misconduct.

However, if plaintiff is alleging tort claims, his claims fail under the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), 28 U.S.C. § 2679(d)(1), which requires that the United States be substituted as a party defendant in a tort suit upon certification that the named official acted within the scope of employment. In the present case, plaintiff's allegations make clear that he is suing defendants for actions taken in their official capacities. Also, the United States Attorney has certified that defendants were acting within the scope of their employment at the time of the incidents in question.

If plaintiff is alleging tort claims, his claims also fail because he has failed to exhaust administrative remedies as required by 28 U.S.C. § 2675; see also Charlton v. United States, 743 F.2d 557, 558 (7th Cir. 1984). Plaintiff does not allege that he has complied with the exhaustion requirement, and no evidence suggests that he has. In addition, Judge Curran previously dismissed a case brought by plaintiff in this district concerning the same subject matter as in the present case based in part on plaintiff's failure to exhaust.

If plaintiff is alleging that defendants committed constitutional torts, see Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), his claims are barred by the doctrine

2

of sovereign immunity. An action for damages against a party in his official capacity is in essence a suit against the sovereign for which the officer is an agent. Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Maris v. Curran, 945 F. Supp 1217, 1219 (E.D. Wis. 1996).

If plaintiff is asserting Bivens claims against defendants in their individual capacities, his claims are barred by judicial or quasi-judicial immunity. Judges are absolutely immune from civil liability for damages for their judicial acts so long as their actions fall within their judicial capacity and subject matter jurisdiction. John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990) (stating that a judge is entitled to absolute immunity as long as her actions fall within her jurisdiction as a judge and as long as the acts are performed within her judicial capacity). Plaintiff's allegations do not suggest that Judges Shapiro or Gorence acted outside their judicial capacity or subject matter jurisdiction. Thus, Judges Shapiro and Gorence are immune from suit. Defendants Austin, Asbach and Knepel are also immune from suit. Courts generally apply a functional approach to determine whether parties who perform tasks in connection with the judicial process are immune from suit. Walton v. Watts (In re Swift), 185 B.R. 963, 969-70 (Bankr. N.D. Ga. 1995) Thus, clerks of court, trustees, and government attorneys are immune when performing functions intimately entwined with the judicial process. Maus v. U. S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987) (stating that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process); Walton, 185 B.R. at 969-70 (stating that as an arm of the bankruptcy court, a trustee merits such quasi-judicial immunity and is entitled to absolute immunity unless he acted in clear absence of any authority regarding the matter at issue);

3

Auriemma v. Montgomery, 860 F.2d 273, 277-78 (7th Cir. 1988) (extending absolute immunity to government attorneys when performing functions intimately entwined with the judicial process). As previously stated, plaintiff sues Austin, Asbach, and Knepel for actions that they performed in connection with their involvement in the judicial process.

Thus, no material facts are in dispute, and defendants have demonstrated that they are entitled to judgment as a matter of law.

Therefore,

**IT IS ORDERED** that the defendants' motion for summary judgment is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 30 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge